UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In re:

Case No. 10-49380

INNATECH, LLC,

Chapter 11

Hon. Thomas J. Tucker

Debtor.

_____/

**COVER SHEET FOR MOTION TO USE CASH**
**COLLATERAL OR TO OBTAIN CREDIT**

       The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

6349524.1 23608/135258

| | | |
|---|---|---|
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | _X_ Yes<br><br>_____ No | Page _3_, ¶ _5_ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>_X_ No | Page ____, ¶ ____ |

6349524.1 23608/135258

Date: 3/23/10 _____     s/ Robert D. Gordon _____

[Debtor's counsel]

6349524.1 23608/135258

|  |  |
|---|---|
| In re: | Chapter 11 |
| INNATECH, LLC, | Case No. 10- 49380 |
| Debtor. | Hon. _____ |
| Tax I.D. No. 38-3531005 | |

**FIRST DAY MOTION OF THE DEBTOR PURSUANT TO
SECTIONS 105(A), 361, 363, AND 552 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 4001(B) FOR ENTRY OF (I) INTERIM AND FINAL ORDERS
(A) AUTHORIZING USE OF CASH COLLATERAL; AND (B) GRANTING
ADEQUATE PROTECTION; AND (II) ORDER SCHEDULING A FINAL HEARING**

Innatech, LLC, the debtor and debtor in possession in the above-captioned cases (the "Debtor" or "Innatech"), by its proposed counsel, Clark Hill PLC, files this motion (the "Motion") for immediate entry of (i) an interim order (the "Interim Order") (a) authorizing the Debtor, pursuant to sections 105(a), 361, 363, and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), to use cash collateral under the terms set forth in the proposed Interim Order attached hereto as Exhibit "A," (b) granting and affirming, to the extent necessary, the adequate protection given to the Debtor's prepetition lender, and (c) scheduling a final hearing on this motion (the "Final Hearing") and (ii) a final order authorizing the Debtor's use of cash collateral (the "Final Order") on substantially the same terms as the Interim Order. The facts and circumstances supporting this Motion are set

forth below and attested to in the Declaration of Philip Nicholls, Chief Financial Officer of Innatech, LLC In Support of Chapter 11 Petition and First Day Pleadings (the "Nicholls Declaration"), concurrently filed in support of the Motion. In further support of this Motion, the Debtor respectfully represents as follows:

<u>**Status Of The Case And Jurisdiction**</u>

1.  On March 23, 2010, (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  The Debtor has continued in possession of its properties and has continued to operate its business as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.  No official committee has yet been appointed in this case.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 361, 362, 363, 364 and 552 of the Bankruptcy Code, Bankruptcy Rule 4001(b) and Local Rule 4001-2.

<u>**Background Of The Debtor**</u>

5.  The Debtor is a leading manufacturer and designer of highly-engineered injection molded components and assemblies for sale to Tier I and II automotive suppliers and other customers outside of the automotive industry. Approximately 147 people are employed in the Debtor's business at three locations in Michigan, Ohio and Indiana.

6.  Innatech, as Borrower, is a party to a Loan and Security Agreement dated as of April 4, 2008 (as heretofore amended, supplemented or otherwise modified, the "Existing Credit Agreement") with Bridge Healthcare Finance, LLC ("Bridge" or "Prepetition Lender"). Willard

McCardell ("McCardell" or "Guarantor"), the Debtor's President, executed one or more guarantees in respect of Innatech's obligations under the Existing Credit Agreement. The Existing Credit Agreement provided for revolving loans to Innatech in an amount up to $8,000,000 (the "Revolver Loan"), and a term loan in an amount up to $5,500,000 (the "Term Loan").

7.      Recent developments, including the general downturn in the economy as a whole and the domestic automotive market in particular, the increase in the price of the Debtor's main raw material, plastic resin, and the Debtor's investment in and development of unique injection molding processes, among other reasons, created severe liquidity constraints for the Debtor and placed the Debtor in default under its Existing Credit Agreement. As a result of such defaults, and pursuant to Amendment No. 6 to the Loan and Security Agreement, the Existing Credit Agreement terminated on February 28, 2010, and Bridge ceased virtually all non-payroll related funding of the Debtor. Given its liquidity crisis and the termination of its funding, the Debtor determined that it had to file for protection under chapter 11 to restructure its business and preserve value.

### The Prepetition Indebtedness And Collateral Values

8.      The Revolver Loan and Term Loan are secured by first-priority security interests and liens (the "Pre-Petition Liens") in (a) the Debtor's accounts receivable and inventory and (b) the Debtor's machinery and equipment, respectively (collectively, the "Pre-Petition Collateral"), and all proceeds derived from the Pre-Petition Collateral, and are cross-collateralized with each other. The cash proceeds of the Debtor's accounts receivables subject to the Pre-Petition Liens are hereafter referred to as the "Cash Collateral."

9.     As of the Petition Date, the outstanding balance of the Revolver Loan, including principal and interest, is approximately $3,561,183, and the outstanding balance of the Term Loan, including principal and interest, is approximately $2,954,209.

10.     Based upon recent appraisals updated at or near the Petition Date, and the Debtor's books and records, the Debtor believes that the value of Bridge's collateral is as follows:

| | | |
|---|---|---|
| A. | Eligible Accounts Receivable: | $3,262,487 |
| B. | Raw Material Inventory: | $400,000 |
| C. | Finished Goods Inventory: | $302,801 |
| D. | Machinery and Equipment: | $6,259,780 |
| | **Total** | $10,225,068 |

11.     The Debtor believes that its sales are constant or increasing and, therefore, with the exception of minor variances in the timing of collections, the level of the Debtor's post-petition accounts receivable and inventory will similarly remain stable or increase in value. A significant portion of the Debtor's machinery and equipment was purchased new approximately 4 years ago, has been very well maintained, and is adequately insured and otherwise protected against undue deterioration or depreciation.

**Relief Requested**

12.     The Debtor needs to fund critical expenses necessary to maintaining the Debtor's business and its going-concern value for the benefit of all creditors and parties in interest.

13.     The Debtor proposes to use Cash Collateral for the payment of employee wages and salaries, payroll taxes, required inventory, utilities, and other general operating expenses as detailed in the Budget in the ordinary course of the Debtor's business, and for the payment of

expenditures authorized by order of the Court, including, without limitation, the fees and expenses of professionals whose retention has been approved by the Court under sections 327, 328, and 330 of the Bankruptcy Code, and the fees of the U.S. Trustee and the Clerk of the Court.

14.  The Debtor has prepared and delivered to Bridge an initial 15-day and 13-week budget (collectively, the "Budgets," copies of which are annexed hereto as Exhibit "B") which set forth, among other things, projected weekly cash receipts and disbursements for such period.

15.  As set forth in the Nicholls Declaration, for the 15-day period beginning on the Petition Date, the Debtor needs to use Cash Collateral up to the amount of $1,285,000 to avoid immediate and irreparable harm.

16.  The Debtor believes that, to the extent the Pre-Petition Liens asserted by Bridge in Cash Collateral are valid, such liens and interests are adequately protected by means of a replacement lien in the Debtor's post-petition accounts receivable and inventory, and by Bridge's existing lien in the Debtor's machinery and equipment, and the equity cushion associated therewith.

17.  In addition to replacement liens and the equity cushion inherent in the value of the Debtor's machinery and equipment, the interim use of Cash Collateral will preserve the Debtor's ongoing operations and otherwise avoid an immediate interruption in customer production, thereby further adequately protecting the liens and interests of Bridge.  Any interruption in customer production will necessarily result in (among other things detrimental to the Debtor's enterprise and Bridge's collateral) significant offsets to and, therefore, a significant reduction in the value of the accounts receivable.

18.     Local Rule 4001-2 (d) provides that the Court is empowered to conduct an expedited preliminary hearing on the Motion and authorize the use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

## Basis For Relief

19.     Section 363(a) of the Bankruptcy Code defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents . . ." and the proceeds thereof.  Pursuant to section 363(c)(2) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b), a debtor may not use cash collateral unless the entity that has an interest in such cash collateral consents or the Court authorizes the use of cash collateral after notice and a hearing, upon a finding that the interest of the secured party is adequately protected.  *In re Westport Sandpiper Assocs., L.P.*, 116 B.R. 355, 357 (Bankr. D. Conn. 1990).

20.     If the Court determines that Bridge has an interest in Cash Collateral, pursuant to sections 363(c)(2) and 363(e) of the Bankruptcy Code, the Debtor is permitted to use Cash Collateral, if the Debtor provides Bridge with adequate protection.  While "adequate protection" is not defined in the Bankruptcy Code, section 361 of the Bankruptcy Code sets forth three (3) non-exclusive methods for adequately protecting an interest in the debtor's property.  *See, e.g.*, *Shriver*, 33 B.R. at 181.  Among these methods, adequate protection may be provided by granting a lienholder an additional or replacement lien to the extent that the stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property.  11 U.S.C. § 361(2).  In addition, the existence of an equity cushion in the value of the collateral securing the lienholder's claim, standing alone, can provide adequate protection.  *In re Mellor*, 734 F. 2d 1396, 1400 (9th Cir. 1984).

21.     Adequate protection is aptly described as "a balancing of the debtor's and a creditor's respective harm." *In re Carson*, 34 B.R. 502, 505 (Bankr. D. Kan. 1983) (citation omitted). The legislative history of section 361 of the Bankruptcy Code reflects Congress' intent to give the Court flexibility to fashion adequate protection in light of the facts and equitable considerations in each case. *See, e.g., In re O'Connor*, 808 F.2d at 1396-97 (10th Cir. 1987); *In re 5-Leaf Clover Corp.*, 6 B.R. 463, 466 (Bankr. S.D. W. Va. 1980); *see also In re Harrington & Richardson, Inc.*, 48 B.R. 431, 433 (Bankr. D. Mass. 1985) (noting that adequate protection is "a flexible concept which requires a Court to make decisions on a case-by-case basis."). For example, in determining what constitutes "adequate protection," courts must consider not only the interests of the secured creditor whose cash collateral is affected, but the interests of all other creditors in light of the debtor's efforts to enhance the prospects of reorganization. *O'Connor*, 808 F.2d at 1397-98.

22.     Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 15-day period following the filing of a motion requesting authorization to use cash collateral, "only . . . as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Bankruptcy Rule 4001(b)(2). In examining requests for interim relief under this rule, courts apply the same business judgment standard applicable to other business decisions. *See, e.g., In re Simasko Production Co.*, 47 B.R. 444, 449 (Bankr. D. Colo. 1985), 47 B.R. at 449; *see also In re Ames Dep't Stores Inc.*, 115 B.R. 34, 38 (Bank S.D.N.Y. 1990). After the 15-day period, the request for use of cash collateral is not limited to those amounts necessary to prevent destruction of the debtor's business. A debtor is entitled to use cash collateral that it believes prudent in the operation of its business. *See, e.g., Simasko*, 47 B.R. at 449; *Ames Dep't Stores*, 115 B.R. at 36.

23.     Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). To use cash collateral without the lienholder's consent and to use other property in which a creditor claims an interest, the debtor is required to provide the lienholder with adequate protection of its interest in Cash Collateral and other property in which an interest is claimed. Adequate protection must be determined on a case-by-case basis, in light of the particular facts and circumstances presented, the focus being that which is required to protect a secured creditor from diminution in the value of its interest in the particular collateral during the use period. *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990); *Delbridge v. Production Credit Assoc. and Federal Land Bank*, 104 B.R. 824, 827 (E.D. Mich. 1989); *In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986).

24.     Because the Debtor believes that Bridge has a valid interest in the Debtor's Cash Collateral, the Debtor is willing to grant Bridge replacement liens on the Debtor's post-petition accounts receivable and inventory, in the same dollar amount as the value of its liens in Cash Collateral. Such replacement liens, coupled with Bridge's existing liens in machinery and equipment and the equity cushion associated therewith, and the preservation of the value of accounts receivable through continued operations, constitute adequate protection in accordance with section 361 of the Bankruptcy Code.

25.     The entry of the Interim Order will enable the Debtor to use its cash resources to fund the Debtor's immediate needs (including the funding of the Debtor's payroll), as well as the longer term needs of this case as the Debtor endeavors to successfully reorganize.

26. Conversely, immediate irreparable harm will occur to the Debtor, its creditors, and its estate if the Debtor is unable to use Cash Collateral. In the absence of a court order authorizing the use of Cash Collateral, the Debtor will be unable to meet its payroll and other operating expenses and will be forced to cease operations immediately, rather than continuing its efforts to maximize value for the estate and its creditors. Thus, an inability to use Cash Collateral would cause a substantial, immediate, and irreparable harm to all of the Debtor's stakeholders. *In re Marion Street Partnership*, 108 B.R. 218 (Bankr. D. Minn. 1989) (debtor was authorized to use cash collateral to pay operating expenses where the debtor could not operate for even one day without the use of cash collateral). Accordingly, the Debtor respectfully submits that the use of Cash Collateral on the terms set forth in the Interim Order is in the best interest of the Debtor, its estate, its creditors and other all parties in interest.

27. The Debtor has requested Bridge's consent to cash collateral use. Bridge has not agreed to its use. However, the parties continue to discuss the terms of a possible stipulation regarding cash collateral use for the interim period.

### Request For Final Hearing

28. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests the Court to set a date for the Final Hearing.

### Notice

29. This Motion has been or will be served by email and overnight courier upon counsel for Bridge pursuant to Local Rule 4001-2(d)(1). In addition, the Debtor has served or will serve a copy of this Motion by overnight courier or overnight mail upon (i) the United States Trustee for the Eastern District of Michigan; (ii) all other secured creditors, and (iii) the parties included on the Debtors' list of twenty (20) largest unsecured creditors. In addition, the Debtor proposes to promptly serve this Motion by overnight courier upon counsel to the Official

9

Committee of Unsecured Creditors once appointed and by first class U.S. mail upon any parties that may hereafter (and prior to the Final Hearing) request notice pursuant to Bankruptcy Rule 2002. The proposed Interim Order contains the requisite language regarding the date and time of any Final Hearing and the deadline to object to the Motion and Interim Order. Under the circumstances, the Debtor submits that no additional or further notice should be required.

WHEREFORE, the Debtor respectfully request the Court grant the relief requested in this Motion and such other and further relief as is just and proper.

Dated: Birmingham, Michigan  
March 23, 2010

CLARK HILL PLC

/s/    _Robert D. Gordon_  
By: Robert D. Gordon (P48627)  
Joel D. Applebaum (P36774)  
151 South Old Woodward Ave., Suite 200  
Birmingham, MI 48009  
(248) 988-5882 (Telephone)  
rgordon@clarkhill.com  
japplebaum@clarkhill.com

*Proposed Counsel for the Debtor and Debtor in Possession*

10

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INNATECH, LLC, | ) Case No. 10-_____ |
| | ) |
| Debtor. | ) Hon. _____ |
| | ) |
| Tax I.D. No. 38-3531005 | ) |
| | ) |

**INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL;**
**(B) GRANTING ADEQUATE PROTECTION; AND**
**(C) SCHEDULING A FINAL HEARING ON THE MOTION**

Upon consideration of the Debtor's first day motion (the "Motion") for entry of an interim order (the "Interim Order") (a) authorizing the Debtor, pursuant to sections 105(a), 361, 362, 363, 364 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), to use Cash Collateral, (b) granting and affirming, to the extent necessary, the adequate protection given to its prepetition lender, and (c) scheduling a final hearing on this motion (the "Final Hearing"), all as more fully described in the Motion; and upon consideration of the Declaration of Philip Nicholls, Chief Financial Officer of Innatech, LLC In Support of Chapter 11 Petition and First Day Pleadings (the "Nicholls Declaration"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that no other or further notice need be provided; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the Nicholls Declaration establish just cause for the relief granted herein;

THE COURT HEREBY FINDS:

A. On March 23, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued in possession of its properties and has continued to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No Official Committee of Unsecured Creditors has been appointed.

B. Debtor requires the use of Cash Collateral, as defined in the Motion, for the maintenance and preservation of its assets, for the operation of its business in the ordinary course, and for payment of the expenses attendant thereto.

C. The relief requested in the Motion is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion.

D. The Debtor has provided proper notice of the initial hearing on the Motion under the circumstances of this Case as set forth in the Motion and is in accordance with Fed. R. Bankr. P. 4001(b) and E.D. Mich. Bankr. L.R. 4001-2(d)(1) and 9013-1.

2

E.     Based on the foregoing, it is in the best interests of the Debtor's estate that the Debtor be authorized to use Cash Collateral subject to and on the terms and conditions of this Interim Order.

F.     The Court has jurisdiction over this Case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Interim Order is entered in a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M).

NOW, THEREFORE, IT IS HEREBY ORDERED BY THE COURT as follows:

1.     The Motion is granted.

2.     Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Motion.

3.     *Authorization to Use Cash Collateral.*   Pending the Final Hearing scheduled below, the Debtor is hereby authorized to use Cash Collateral, subject to the terms of this Interim Order and solely in accordance with the Budget attached to the Motion as Exhibit "B," up to the amount of $_____.

4.     *Adequate Protection.*  Pursuant to section 361(2) of the Bankruptcy Code, Bridge is hereby granted a general and continuing replacement lien in the Debtor's post-petition accounts receivable and inventory, but only to the extent of the amount of the actual Cash Collateral used by the Debtor pending the Final Hearing, as adequate protection for the Debtor's use of such Cash Collateral.

5.     *Successors and Assigns.*   The terms and provisions of this Interim Order shall be binding upon the Debtor and its successors and assigns, including, but not limited to, any trustee appointed in this case, in any superseding case or in any case related hereto.

3

6. *Reservation of Rights.* The Interim Order shall in no way limit the rights of the Debtor, any official unsecured creditors committee, or any other party in interest to investigate and/or challenge the validity and/or priority of the liens of Bridge in the Prepetition Collateral.

7. *Notice.* Within 24 hours after entry of this Interim Order, the Debtor shall serve by overnight mail on counsel to Bridge, and by first class U.S. mail, postage prepaid, a copy of this Interim Order upon the following: (i) the United States Trustee for the Eastern District of Michigan; (ii) all known secured creditors, (iii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; and (iv) any parties who have requested notice pursuant to Bankruptcy Rule 2002. In addition, the Debtor shall promptly serve the Motion and this Interim Order by overnight courier upon counsel to the Official Committee of Unsecured Creditors once appointed and by first class U.S. mail upon those parties that hereafter request notice pursuant to Bankruptcy Rule 2002.

8. Any objection to the continued effectiveness of this Interim Order or to a final order under similar terms to those terms set forth herein shall be in writing and shall be filed with the Court and served by overnight delivery so as to be actually received by 4:00 p.m. (Eastern Time) on _____, 2010 on each of the follow persons or entities: (a) counsel for the Debtors: Clark Hill PLC, 151 South Old Woodward Ave., Suite 200, Birmingham, Michigan 48009, Attention: Robert D. Gordon and Joel D. Applebaum; (b) counsel to Bridge: Goldberg, Kohn, 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603-5792, Attention: Jeremy Downs; (c) the Office of the United States Trustee; and (d) counsel to any Committee of Unsecured Creditors appointed in this case. If no objection is timely filed and served, this Interim Order may become a final order.

4

9. *Final Hearing*. No objection will be considered unless timely filed and served. If objections are timely filed and served, a final hearing on the Motion will be held on _____, 2010 at __:__ _.m., in the Courtroom of the Honorable _____, 211 West Fort Street, Detroit, Michigan 48226, as the same may be continued or adjourned by the Bankruptcy Court.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Interim Order.

**EXHIBIT B**

**INNATECH**
**DEBTOR-IN-POSESSION CASH REQUIREMENTS**
**($,000's)**

| | Cash Collateral | |
| --- | --- | --- |
| | 26-Mar | 2-Apr |
| **Cash Receipts** | | |
| Advances / Use of Cash Collateral | $ 668 | $ 588 |
| Owner Outside Funding | $ 90 | $    - |
| **Total Cash Receipts** | **$ 758** | **$ 588** |
| | | |
| Cost of Sales | | |
| Material | $ 304 | $ 291 |
| Freight | 6 | 6 |
| Labor | 174 | 62 |
| Manufacturing Burden | 19 | 34 |
| Total Cost of Sales | $ 503 | $ 393 |
| SG&A | 101 | 15 |
| **Funding of Operating Expenses** | **$ 603** | **$ 408** |
| | | |
| Other Cash Items | | |
| Interest | - | 43 |
| Professional Fees | 45 | 35 |
| Lender Fees | - | - |
| Inventory Build | - | 50 |
| Capital Expenditures | - | - |
| Utility Deposits | - | - |
| Pay down on Refinance | - | - |
| Premium Costs (Hostage Pmts) | 50 | 50 |
| Contingency & Other | - | - |
| Key Employee Retention Plan | - | - |
| **Weekly Funding Requirements** | **$ 698** | **$ 587** |
| **Ending Cash Balance / (Deficit)** | **60** | **61** |

**INNATECH**
**DEBTOR-IN-POSESSION COLLATERAL & LOC ROLL-FWD**
**($,000's)**

| | Cash Collateral | |
|---|---|---|
| | 26-Mar | 2-Apr |

**PRE-PETITION LOC ACTIVITY**

**Accounts Receivable**

| | Cash Collateral | |
|---|---|---|
| Beginning Eligible Receivables | $ 3,265 | $ 2,972 |
| plus: Sales | 402 | 499 |
| less: Collections of A/R | (668) | (588) |
| less: Adjustments | (27) | (18) |
| Ending Eligible Receivables | $ 2,972 | $ 2,865 |
| Advance Rate | 85% | 85% |
| **Accounts Receivable Collateral** | **$ 2,526** | **$ 2,435** |

**Production Inventory**

| | | |
|---|---|---|
| Beginning Eligible Inventory | $ 703 | $ 703 |
| plus: Inventory Changes | - | 50 |
| Ending Production Inventory | $ 703 | $ 753 |
| Advance Rate | 55% | 55% |
| **Production Inventory Collateral** | **$ 387** | **$ 414** |

**Total Collateral**

| | | |
|---|---|---|
| Accounts Receivable | $ 2,526 | $ 2,435 |
| Inventory | 387 | 414 |
| Carve-Outs | - | - |
| Other - Tooling Inventory | - | - |
| **Total Pre-petition Collateral** | **$ 2,913** | **$ 2,849** |

**Line of Credit**

| | | |
|---|---|---|
| Beginning Balance | $ 3,587 | $ 3,587 |
| less: Collections of A/R | (668) | (588) |
| less: Collections of ineligible A | - | - |
| less: Pay Down on Inv Conver | - | - |
| less: Sale of Inventory | - | - |
| less: Sale of Inventory | - | - |
| plus: Advances | 668 | 588 |
| **Ending Pre-Petition LOC Balance** | **$ 3,587** | **$ 3,587** |
| Out-of-Formula Funding Require | 675 | 738 |
| **In-formula Line of Credit Outstar** | **$ 2,913** | **$ 2,849** |

**INNATECH**
**DEBTOR-IN-POSSESSION INCOME STATEMENT FORECAST**
($,000's)

| | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SALES:** | | | | | | | | | | | | | | | | | | |
| General - Richmond | $160 | $212 | $221 | $223 | $202 | $228 | $222 | $223 | $231 | $228 | $230 | $230 | $230 | $230 | $230 | $230 | $3,528 | 41.8% |
| General - Lebanon | 246 | 292 | 310 | 261 | 309 | 279 | 279 | 292 | 309 | 278 | 280 | 280 | 280 | 280 | 280 | 280 | 4,567 | 54.1% |
| General - Haworth Start-up | - | - | - | - | - | - | 20 | 20 | 20 | 20 | 25 | 25 | 25 | 25 | 25 | 25 | 230 | 2.7% |
| Material Surcharges | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Tooling & Prototypes (Gross - In Backlog) | - | - | 20 | - | 38 | 60 | - | 20 | - | 48 | - | - | - | - | - | - | 186 | 2.2% |
| Tooling & Prototypes (Gross - Expected Orders) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Less: Returns & Allowances | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (64) | -0.8% |
| **TOTAL SALES** | $402 | $499 | $548 | $480 | $545 | $593 | $518 | $551 | $556 | $522 | $579 | $531 | $531 | $531 | $531 | $531 | $8,447 | 100.0% |
| **COST OF GOODS SOLD:** | | | | | | | | | | | | | | | | | | |
| Material | 304 | 291 | 270 | 245 | 258 | 273 | 261 | 268 | 288 | 265 | 270 | 269 | 268 | 268 | 269 | 270 | 4,334 | 51.3% |
| Freight | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 96 | 1.1% |
| Labor | 174 | 62 | 164 | 5 | 172 | 62 | 175 | - | 187 | - | 255 | 14 | 191 | - | 247 | - | 1,707 | 20.2% |
| Manufacturing Burden | 19 | 34 | 81 | 37 | 0 | 14 | 79 | 53 | 17 | 23 | 69 | 54 | 2 | 22 | 70 | 53 | 630 | 7.5% |
| **TOTAL COST OF GOODS SOLD** | $503 | $393 | $521 | $293 | $436 | $355 | $521 | $327 | $498 | $294 | $600 | $342 | $467 | $296 | $592 | $329 | $6,768 | 80.1% |
| **GROSS PROFIT** | $(101) | $106 | $27 | $187 | $109 | $238 | $(3) | $224 | $59 | $228 | $(21) | $189 | $64 | $235 | $(61) | $202 | $1,679 | 19.9% |
| SG&A | 101 | 15 | 94 | 62 | 93 | 18 | 104 | 6 | 91 | 20 | 104 | 6 | 88 | 12 | 109 | 14 | 938 | 11.1% |
| **E.B.I.T. (Operating Profit / (Loss))** | $(202) | $91 | $(67) | $125 | $16 | $220 | $(108) | $218 | $(33) | $208 | $(126) | $182 | $(24) | $223 | $(171) | $188 | $741 | 8.8% |
| DIP LOC Interest (at 8%) | - | - | - | - | - | - | - | 24 | - | - | - | 25 | - | - | - | 26 | 75 | 0.9% |
| Existing LOC Interest (at 8%) | - | 20 | - | - | - | 12 | - | - | - | - | 3 | - | - | - | 1 | - | 36 | 0.4% |
| M&E Loan - Interest Only (8%) | - | 19 | - | - | - | 19 | - | - | - | - | 19 | - | - | - | 20 | - | 77 | 0.9% |
| Professional Fees | 45 | 35 | 60 | 55 | 35 | 35 | 28 | 28 | 17 | 17 | 15 | 15 | 15 | 15 | 13 | 13 | 445 | 5.3% |
| Lender Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Premium Costs (Hostage Pmts) | 50 | 50 | 50 | - | - | - | - | - | - | - | - | - | - | - | - | - | 150 | 1.8% |
| Contingency & Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Key Employee Retention Plan | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| **NET INCOME** | $(297) | $(33) | $(177) | $70 | $(19) | $154 | $(136) | $166 | $(50) | $191 | $(163) | $142 | $(39) | $208 | $(205) | $149 | $(42) | -0.5% |
| **EBITDAR (Operating Profit + Depreciation)** | (202) | 91 | (67) | 125 | 16 | 220 | (108) | 218 | (33) | 208 | (126) | 182 | (24) | 223 | (171) | 188 | 741 | 8.8% |

**INNATECH**
**DEBTOR-IN-POSSESSION INCOME STATEMENT FORECAST**
($,000's)

| | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MATERIALS** | | | | | | | | | | | | | | | | | | |
| Raw Material | $ 303 | 252 | 266 | 242 | 256 | 269 | 261 | 268 | 280 | 263 | 268 | 268 | 268 | 268 | 268 | 268 | $ 4,263 | 50.5% |
| Material Surcharges | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Outside Processing | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Tooling costs (In Backlog) | 1 | 39 | 4 | 3 | 3 | 4 | - | - | 8 | 2 | 2 | 1 | - | - | 1 | 2 | 71 | 0.8% |
| Tooling costs (Expected Orders) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| **TOTAL MATERIAL COSTS** | $ 304 | $ 291 | $ 270 | $ 245 | $ 258 | $ 273 | $ 261 | $ 268 | $ 288 | $ 265 | $ 270 | $ 269 | $ 268 | $ 268 | $ 269 | $ 270 | $ 4,334 | 51.3% |
| | | | | | | | | | | | | | | | | | | |
| **LABOR** | | | | | | | | | | | | | | | | | | |
| Direct Labor | $ 88 | $ - | $ 84 | $ - | $ 91 | $ - | $ 95 | $ - | $ 96 | $ - | $ 96 | $ - | $ 96 | $ - | $ 96 | $ - | $ 741 | 8.8% |
| Indirect Labor | 80 | - | 80 | - | 80 | - | 80 | - | 86 | - | 88 | - | 90 | - | 90 | - | 679 | 8.0% |
| Paid Time Off | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 9 | 0.1% |
| Insurance & Benefits | 5 | 61 | - | 5 | - | 61 | - | - | 5 | - | 61 | 14 | 5 | - | 61 | - | 265 | 3.1% |
| Worker's Compensation | - | 1 | - | - | - | 1 | - | - | - | - | 1 | 14 | - | - | 1 | - | 20 | 0.2% |
| Payroll Taxes (Included in Labor Costs) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| **TOTAL LABOR COSTS** | $ 174 | $ 62 | $ 164 | $ 5 | $ 172 | $ 62 | $ 175 | $ - | $ 187 | $ - | $ 255 | $ 14 | $ 191 | $ - | $ 247 | $ - | $ 1,707 | 20.2% |
| | | | | | | | | | | | | | | | | | | |
| **BURDEN** | | | | | | | | | | | | | | | | | | |
| Depreciation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 0.0% |
| Insurance - General | 16 | - | - | - | 16 | - | 16 | - | 14 | - | 16 | - | - | - | 16 | - | 77 | 0.9% |
| Other | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 48 | 0.6% |
| Perishable Tools | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Oil & Grease | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Quality Control | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Leased Equipment | 6 | 20 | - | - | 6 | 20 | - | 20 | 6 | - | 6 | 20 | 3 | - | 6 | 20 | 110 | 1.3% |
| Building Rent | 41 | 41 | - | - | 41 | 41 | - | 41 | 41 | 41 | 41 | 41 | - | 41 | 41 | 41 | 163 | 1.9% |
| Repairs & Maintenance - Bldg | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 24 | 0.3% |
| Repairs & Maintenance - Equipment | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 176 | 2.1% |
| Shipping Supplies | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Taxes - Property | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | - | 0.0% |
| Training | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 48 | 0.6% |
| Utilities | - | 46 | 15 | 26 | - | 46 | 46 | 15 | 26 | - | 46 | 15 | 26 | - | 46 | 15 | 338 | 4.0% |
| Planned Cost Reductions (see below) | (6) | (45) | (45) | (45) | (48) | (9) | (48) | (45) | (26) | (45) | (57) | (45) | (45) | (45) | (57) | (57) | (354) | -4.2% |
| **TOTAL BURDEN** | $ 19 | $ 34 | $ 81 | $ 37 | $ 0 | $ 14 | $ 79 | $ 54 | $ 17 | $ 54 | $ 70 | $ 54 | $ 3 | $ 23 | $ 70 | $ 54 | $ 630 | 7.5% |

**INNATECH**
**DEBTOR-IN-POSESSION INCOME STATEMENT FORECAST**
**($,000's)**

| SELLING, GENERAL & ADMINISTRATIVE | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Auto | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $1 | $19 | 0.2% |
| Bad Debt | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Bank Charges | 12 | - | - | 4 | - | 12 | - | - | 4 | - | - | 12 | - | 4 | - | - | 59 | 0.7% |
| Management Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Contributions | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Depreciation | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Dues & Subscriptions | - | - | 1 | 1 | - | - | 1 | - | - | - | 1 | - | - | - | 1 | - | 5 | 0.1% |
| Reimbursable Employee Expenses | - | 9 | - | 54 | - | - | 9 | - | - | - | 9 | - | 9 | - | 9 | - | 90 | 1.1% |
| Miscellaneous | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Outside Services | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Training | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Insurance - General | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Rent | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Salaries - Office | 82 | - | 82 | - | 82 | - | 82 | - | 82 | - | 82 | - | 82 | - | 82 | - | 652 | 7.7% |
| Salaries - Temp Labor | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 3 | 4 | 56 | 0.7% |
| Supplies | 2 | - | - | - | 2 | - | - | - | - | - | - | - | - | 2 | - | - | 7 | 0.1% |
| Taxes - Franchise & Ppt | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Taxes - Payroll | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 0.0% |
| Telephone | 1 | 1 | 7 | 1 | 1 | 1 | 7 | 1 | 1 | 1 | 7 | 1 | 1 | 1 | 7 | 1 | 31 | 0.4% |
| Travel & Entertainment | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 19 | 0.2% |
| **TOTAL SG&A** | $101 | $15 | $94 | $62 | $93 | $18 | $104 | $6 | $91 | $20 | $104 | $6 | $88 | $12 | $109 | $14 | $938 | 11.1% |

INNATECH
DEBTOR-IN-POSSESSION PROFESSIONAL & OTHER FEES
($,000's)

| | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Professional Fees** | | | | | | | | | | | | | | | | | |
| Legal Council - Clark Hill | $20 | $15 | $10 | $10 | $10 | $10 | $10 | $10 | $5 | $5 | $5 | $5 | $5 | $5 | $5 | $5 | $135 |
| Financial Advisor - Amherst Ptrs | 25 | 20 | 20 | 15 | 10 | 10 | 10 | 10 | 7 | 7 | 7 | 5 | 5 | 5 | 5 | 4 | 165 |
| Retainer - Investment Banker | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Sub-total** | $45 | $35 | $30 | $25 | $20 | $20 | $20 | $20 | $12 | $12 | $12 | $10 | $10 | $10 | $10 | $9 | $300 |
| | | | | | | | | | | | | | | | | | |
| **Creditor's Committee** | | | | | | | | | | | | | | | | | |
| Legal Council - TBD | $ - | $ - | $15 | $15 | $5 | $5 | $5 | $5 | $3 | $3 | $3 | $3 | $3 | $3 | $3 | $3 | $74 |
| Financial Advisor - TBD | - | - | 15 | 15 | 10 | 10 | 3 | 3 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 71 |
| **Sub-total** | $ - | $ - | $30 | $30 | $15 | $15 | $8 | $8 | $5 | $5 | $5 | $5 | $5 | $5 | $5 | $4 | $145 |
| | | | | | | | | | | | | | | | | | |
| **Total Professional & Other Fees** | $45 | $35 | $60 | $55 | $35 | $35 | $28 | $28 | $17 | $17 | $17 | $15 | $15 | $15 | $15 | $13 | $445 |

**INNATECH**
**DEBTOR-IN-POSSESSION CASH REQUIREMENTS**
**($,000's)**

Column grouping: "Cash Collateral" spans 26-Mar, 2-Apr, 9-Apr. "Begin DIP Financing" begins at 16-Apr.

| | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | | | | | | | | | |
| Advances / Use of Cash Collateral | $668 | $588 | $447 | $3,387 | $543 | $539 | $578 | $506 | $623 | $477 | $627 | $480 | $603 | $481 | $469 | $579 | $11,594 |
| Owner Outside Funding | $90 | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $– | $90 |
| **Total Cash Receipts** | $758 | $588 | $447 | $3,387 | $543 | $539 | $578 | $506 | $623 | $477 | $627 | $480 | $603 | $481 | $469 | $579 | $11,684 |
| **Cost of Sales** | | | | | | | | | | | | | | | | | |
| Material | $304 | $291 | $270 | $245 | $258 | $273 | $261 | $268 | $288 | $265 | $270 | $269 | $268 | $268 | $269 | $270 | $4,334 |
| Freight | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 96 |
| Labor | 174 | 62 | 164 | 5 | 172 | 62 | 175 | – | 187 | – | 255 | 14 | 191 | – | 247 | – | 1,707 |
| Manufacturing Burden | 19 | 34 | 81 | 37 | 0 | 14 | 79 | 54 | 17 | 23 | 70 | 54 | 3 | 23 | 70 | 54 | 630 |
| **Total Cost of Sales** | $503 | $393 | $521 | $293 | $436 | $355 | $521 | $327 | $498 | $294 | $600 | $342 | $467 | $297 | $592 | $329 | $6,768 |
| SG&A | 101 | 15 | 94 | 62 | 93 | 18 | 104 | 6 | 91 | 20 | 104 | 6 | 88 | 12 | 109 | 14 | 938 |
| **Funding of Operating Expenses** | $603 | $408 | $615 | $355 | $529 | $373 | $625 | $334 | $589 | $314 | $705 | $349 | $555 | $308 | $702 | $343 | $7,706 |
| **Other Cash Items** | | | | | | | | | | | | | | | | | |
| Interest | – | – | – | – | – | 31 | – | 24 | – | 17 | 19 | 25 | 15 | 15 | 19 | 26 | 188 |
| Professional Fees | 45 | 35 | 60 | 55 | 35 | 35 | 28 | 28 | 17 | 17 | 17 | 17 | 15 | 15 | 15 | 13 | 445 |
| Lender Fees | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – |
| Inventory Build | – | 50 | 50 | 50 | 50 | 50 | 50 | – | – | – | – | – | – | – | – | – | 300 |
| Capital Expenditures | – | – | 25 | – | – | – | – | – | – | – | – | – | – | – | – | – | 25 |
| Utility Deposits | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – |
| Pay down on Refinance | – | – | – | 3,587 | – | – | – | – | – | – | – | – | – | – | – | – | 3,587 |
| Premium Costs (Hostage Pmts) | 50 | 50 | 50 | – | – | – | – | – | – | – | – | – | – | – | – | – | 150 |
| Contingency & Other | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – |
| Key Employee Retention Plan | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – | – |
| **Weekly Funding Requirements** | $698 | $587 | $800 | $4,047 | $604 | $703 | $703 | $385 | $606 | $331 | $741 | $389 | $570 | $323 | $736 | $382 | $12,401 |
| **Ending Cash Balance / (Deficit)** | 60 | 61 | (292) | (951) | (1,022) | (972) | (1,098) | (977) | (960) | (815) | (930) | (839) | (806) | (648) | (914) | (717) | (717) |

**INNATECH**
**DEBTOR-IN-POSSESSION COLLATERAL & LOC ROLL-FWD**
**($,000's)**

| | Cash Collateral 26-Mar | 2-Apr | 9-Apr | Begin DIP Financing 16-Apr | Begin DIP Financing 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PRE-PETITION LOC ACTIVITY** | | | | | | | | | | | | | | | | | |
| **Accounts Receivable** | | | | | | | | | | | | | | | | | |
| Beginning Eligible Receivables | $3,265 | $2,972 | $2,865 | $2,927 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| plus: Sales | 402 | 499 | 549 | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,449 |
| less: Collections of A/R | (668) | (588) | (447) | - | - | - | - | - | - | - | - | - | - | - | - | - | (1,703) |
| less: Adjustments | (27) | (18) | (39) | (2,927) | - | - | - | - | - | - | - | - | - | - | - | - | (3,011) |
| Ending Eligible Receivables | $2,972 | $2,865 | $2,927 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(3,265) |
| Advance Rate | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% |
| Accounts Receivable Collateral | $2,526 | $2,435 | $2,488 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(2,776) |
| **Production Inventory** | | | | | | | | | | | | | | | | | |
| Beginning Eligible Inventory | $703 | $703 | $753 | $803 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| plus: Inventory Changes | - | 50 | 50 | (803) | - | - | - | - | - | - | - | - | - | - | - | - | (703) |
| Ending Production Inventory | $703 | $753 | $803 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(703) |
| Advance Rate | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% |
| Production Inventory Collateral | $387 | $414 | $442 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(387) |
| **Total Collateral** | | | | | | | | | | | | | | | | | |
| Accounts Receivable | $2,526 | $2,435 | $2,488 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(2,776) |
| Inventory | 387 | 414 | 442 | - | - | - | - | - | - | - | - | - | - | - | - | - | (387) |
| Carve-Outs | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other - Tooling Inventory | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Pre-petition Collateral | $2,913 | $2,849 | $2,929 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(3,162) |
| **Line of Credit** | | | | | | | | | | | | | | | | | |
| Beginning Balance | $3,587 | $3,587 | $3,587 | $3,587 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $ - |
| less: Collections of A/R | (668) | (588) | (447) | - | - | - | - | - | - | - | - | - | - | - | - | - | (1,703) |
| less: Collections of Ineligible | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| less: Pay Down on Inv Conver | - | - | - | (3,587) | - | - | - | - | - | - | - | - | - | - | - | - | (3,587) |
| less: Sale of Inventory | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| less: Sale of Inventory | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| plus: Advances | 668 | 588 | 447 | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,703 |
| Ending Pre-Petition LOC Balance | $3,587 | $3,587 | $3,587 | $ - | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $(3,587) |
| Out-of-Formula Funding Requir | 675 | 738 | 658 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | $(3,587) |
| In-formula Line of Credit Outstai | $2,913 | $2,849 | $2,929 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $(3,587) |

INNATECH
DEBTOR-IN-POSSESSION COLLATERAL & LOC ROLL-FWD
($,000's)

| | Cash Collateral | | | Begin DIP Financing | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 26-Mar | 2-Apr | 9-Apr | 16-Apr | 23-Apr | 30-Apr | 7-May | 14-May | 21-May | 28-May | 4-Jun | 11-Jun | 18-Jun | 25-Jun | 2-Jul | 9-Jul | Total |
| **DIP LOC ACTIVITY** | | | | | | | | | | | | | | | | | |
| **Accounts Receivable** | | | | | | | | | | | | | | | | | |
| Beginning Eligible Receivables | $ - | - | - | $3,258 | $3,454 | $3,999 | $3,780 | $4,082 | $3,638 | $3,940 | $3,618 | $3,961 | $3,482 | $3,813 | $4,224 | $ - | $ |
| plus: Sales | | | | 480 | 545 | 593 | 518 | 551 | 556 | 522 | 579 | 531 | 531 | 531 | 531 | 531 | 6,999 |
| less: Collections of A/R - Gen | | | | (149) | (350) | (48) | (736) | (250) | (1,000) | (200) | (900) | (150) | (950) | (200) | (100) | (850) | (5,882) |
| less: Coll of A/R - Tooling (Ba) | | | | | | | | | | | | | | | | | |
| less: Coll of A/R - Tooling (Eq) | | | | | | | | (20) | | (20) | | (38) | (60) | (200) | (100) | (20) | (138) |
| less: Adjustments | | | | 2,927 | | | | | | | | | | | | | 2,927 |
| Ending Eligible Receivables | $ - | - | - | $3,258 | $3,454 | $3,599 | $3,780 | $4,082 | $3,638 | $3,940 | $3,618 | $3,961 | $3,482 | $3,813 | $4,224 | $3,965 | $3,965 |
| Advance Rate | 85% | | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% | 85% |
| Accounts Receivable Collateral | $ - | - | - | $2,769 | $2,936 | $3,059 | $3,213 | $3,469 | $3,092 | $3,349 | $3,075 | $3,367 | $2,960 | $3,241 | $3,590 | $3,319 | $3,319 |
| **Production Inventory** | | | | | | | | | | | | | | | | | |
| Beginning Inventory | $ - | - | - | $ - | $853 | $903 | $953 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $ - | 1,003 |
| plus: Inventory Changes | | | | 853 | 50 | 50 | 50 | | | | | | | | | | 1,003 |
| Ending Production Inventory | $ - | - | - | $853 | $903 | $953 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | $1,003 | 1,003 |
| Advance Rate | 55% | | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% | 55% |
| Production Inventory Collateral | $ - | - | - | $469 | $497 | $524 | $552 | $552 | $552 | $552 | $552 | $552 | $552 | $552 | $552 | $552 | $552 |
| **Total Collateral** | | | | | | | | | | | | | | | | | |
| Accounts Receivable | $ - | - | - | $2,769 | $2,936 | $3,399 | $3,213 | $3,469 | $3,092 | $3,349 | $3,075 | $3,367 | $2,960 | $3,241 | $3,590 | $3,319 | $3,319 |
| Inventory | | | | 469 | 497 | 524 | 552 | 552 | 552 | 552 | 552 | 552 | 552 | 552 | 552 | 552 | 552 |
| Carve-Outs | | | | | | | | | | | | | | | | | |
| Other | | | | | | | | | | | | | | | | | |
| Total Post-petition Collateral | $ - | - | - | $3,238 | $3,432 | $3,923 | $3,765 | $4,021 | $3,644 | $3,900 | $3,627 | $3,918 | $3,511 | $3,793 | $4,142 | $3,871 | $3,871 |
| **Line of Credit** | | | | | | | | | | | | | | | | | |
| Beginning Balance | $ - | - | - | $ - | $3,238 | $3,432 | $3,923 | $3,765 | $4,021 | $3,644 | $3,900 | $3,627 | $3,918 | $3,511 | $3,793 | $4,142 | $ - |
| less: Collections of A/R | | | | (149) | (350) | (48) | (736) | (250) | (1,000) | (220) | (900) | (188) | (1,010) | (200) | (320) | (850) | (6,020) |
| less: Sale of Inventory | | | | | | | | | | | | | | | | | |
| plus: Advances | | | | 3,367 | 543 | 539 | 578 | 506 | 623 | 477 | 627 | 480 | 603 | 481 | 469 | 579 | 9,891 |
| Ending Post-Petition LOC Balance | $ - | - | - | $3,238 | $3,432 | $3,923 | $3,765 | $4,021 | $3,644 | $3,900 | $3,627 | $3,918 | $3,511 | $3,793 | $4,142 | $3,871 | $3,871 |
| Out-of-Formula Funding Requirement | | | | | | | | | | | | | | | | | |
| In-formula Line of Credit Outstanding | $ - | - | - | $3,238 | $3,432 | $3,923 | $3,765 | $4,021 | $3,644 | $3,900 | $3,627 | $3,918 | $3,511 | $3,793 | $4,142 | $3,871 | $3,871 |