# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 10-49380 |
| INNATECH, LLC, | ) |
| | ) Hon. Thomas J. Tucker |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 38-3531005 | ) |
| | ) |

**FIRST DAY MOTION OF THE DEBTOR PURSUANT TO SECTIONS
105(a) AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER
(A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICES; (B) DEEMING UTILITY COMPANIES
ADEQUATELY ASSURED OF PAYMENT FOR POSTPETITION SERVICES;
AND (C) ESTABLISHING PROCEDURES FOR DETERMINING
REQUESTS FOR ADDITIONAL ASSURANCES**

Innatech, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor" or "Innatech"), by its proposed counsel, Clark Hill PLC, files this motion (the "Motion") for immediate entry of an order (the "Order"), under sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) prohibiting the utility companies from altering, refusing, or discontinuing services, (ii) deeming utilities adequately assured of payment for postpetition services, and (iii) establishing procedures for determining requests for additional assurances and authorizing the Debtor to supplement the list of utility companies not listed herein but subsequently identified by the Debtor. In support of the Motion, the Debtor relies upon and incorporates by reference the concurrently filed Declaration of Philip Nicholls, Chief Financial Officer of Innatech, LLC in Support of Chapter 11 Petition and First Day Pleadings (the "Nicholls Declaration"). In further support of the Motion, the Debtor respectfully represents as follows:

## Status Of The Case And Jurisdiction

1.  On March 23, 2010, (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  The Debtor has continued in possession of its properties and has continued to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

## Background Of The Debtor

5.  The Debtor is a leading manufacturer and designer of highly-engineered injection molded components and assemblies for sale to Tier I and II automotive suppliers and other customers outside of the automotive industry. Approximately 147 people are employed in the Debtor's business at three locations in Michigan, Ohio and Indiana.

6.  In the operation of its facilities, the Debtor incurs utility expenses for, among other things, electricity, gas, telephone service, water, and waste disposal in the ordinary course of business. The utility services received by the Debtor are originated and provided by service providers (each a "Utility Company," and collectively, the "Utility Companies"), a list of which is attached hereto as Exhibit B (the "Utility Service List").[1] The Debtor maintains approximately

---

[1] The inclusion or exclusion of any entity on or from the Utility Service List is not an admission by the Debtor that such entity is or is not a utility within the meaning of section 366 of the Bankruptcy Code. Moreover, the Debtor

-2-
6343025.5 23608/135258

10-49380-tjt   Doc 7   Filed 03/23/10   Entered 03/23/10 19:10:15   Page 2 of 17

## Status Of The Case And Jurisdiction

1.  On March 23, 2010, (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  The Debtor has continued in possession of its properties and has continued to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

## Background Of The Debtor

5.  The Debtor is a leading manufacturer and designer of highly-engineered injection molded components and assemblies for sale to Tier I and II automotive suppliers and other customers outside of the automotive industry. Approximately 147 people are employed in the Debtor's business at three locations in Michigan, Ohio and Indiana.

6.  In the operation of its facilities, the Debtor incurs utility expenses for, among other things, electricity, gas, telephone service, water, and waste disposal in the ordinary course of business. The utility services received by the Debtor are originated and provided by service providers (each a "Utility Company," and collectively, the "Utility Companies"), a list of which is attached hereto as Exhibit B (the "Utility Service List").[1] The Debtor maintains approximately

---

[1] The inclusion or exclusion of any entity on or from the Utility Service List is not an admission by the Debtor that such entity is or is not a utility within the meaning of section 366 of the Bankruptcy Code. Moreover, the Debtor

-2-
6343025.5 23608/135258

10-49380-tjt   Doc 7   Filed 03/23/10   Entered 03/23/10 19:10:15   Page 2 of 17

16 accounts with the Utility Companies. As reflected on Exhibit B, utility services are provided to the Debtor in several states.

7. The services of the Utility Companies are critical to the effective operation of the Debtor's business. Should one or more of the Utility Companies refuse or discontinue service even for a brief period, the Debtor's operations would be severely disrupted. Such an interruption would adversely impact the Debtor's revenues, profits, and operations and significantly affect the Debtor's restructuring efforts to the detriment of its estate and creditors. It is therefore critical that utility services provided to the Debtor continue uninterrupted.

**Relief Requested**

8. By this Motion, the Debtor seeks entry of an order substantially in the form attached hereto as Exhibit A: (i) determining that the Debtor has provided each Utility Company with "adequate assurance of payment" in compliance with section 366 of the Bankruptcy Code; (ii) approving certain procedures, described below, that provide for the Utility Companies to request additional or different assurances of payment; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing utility service to the Debtor absent further order of the Court.

Proposed Adequate Assurances

9. The Debtor fully intends to pay all postpetition obligations owed to the Utility Companies in a timely manner. Moreover, the Debtor expects that there will be sufficient cash available through the operation of the Debtor's business to pay such postpetition utility obligations as they become due.

---

hereby seeks permission to amend or supplement the Utility Service List at any time to add or delete any Utility Company. In the event the Debtor adds any Utility Company to the Utility Service List, the Debtor shall serve a copy of the Motion (including but not limited to the relevant amendment or supplement) and the Order on such Utility Company, and such Utility Company shall have thirty (30) days after service of the Order to make an Additional Assurance Request as described herein.

-3-

10. Additionally, the Debtor proposes to provide all Utility Companies, within ten (10) business days of entry of an order approving this Motion, a deposit in an amount equal to the average cost to the Debtor of one-half of a month of service from such Utility Company (each such payment a "Deposit"). The average is based on figures for the twelve (12) months preceding the Petition Date, or for the prepetition period in which the Debtor utilized the services of such Utility Company in the ordinary course of business if less than 12 months.

Additional Assurance Request Procedures

11. In accordance with section 366(c) of the Bankruptcy Code, all Utility Companies shall be authorized to assert that the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment. An additional assurance request (each an "Additional Assurance Request") may be filed with the Court at any time and must (i) be in writing, (ii) set forth the scope of utility services provided by the Debtor, (iii) include a summary of any security deposits or other prepayments or assurances previously provided by or on behalf of the Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute adequate assurance of payment, (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable, and (vi) be served upon Innatech, LLC, 750 Letica Drive, Rochester, Michigan 48307, Attn: Philip Nicholls, with a copy to Clark Hill PLC, 151 South Old Woodward Ave., Suite 200, Birmingham, Michigan 48009, Attn: Robert D. Gordon, Esq.

12. If a Utility Company files an Additional Assurance Request and the Debtor believes that the treatment requested therein is reasonable, or if the Debtor otherwise reaches agreement with such Utility Company on an acceptable form and amount of adequate assurance,

6343025.5 23608/135258

10-49380-tjt  Doc 7  Filed 03/23/10  Entered 03/23/10 19:10:15  Page 4 of 17

the Debtor shall be entitled to comply with such request or otherwise provide additional assurance (to the extent consistent with any interim or final order approving the Debtor's use of cash collateral), and shall be authorized to generally compromise or comply with the requests made in Additional Assurance Requests, without further notice or order of the Court.

13. Where a Utility Company files and properly serves an Additional Assurance Request but is unable to reach a compromise with the Debtor within ten (10) business days, either party may request a hearing on, to the extent the Court can accommodate it, an expedited basis but no sooner than fifteen (15) days after the filing and service of the Additional Assurance Request (or, if service is by mail, at least eighteen (18) days after filing and service of the Additional Assurance Request) to determine whether additional assurance is necessary (a "<u>Determination Hearing</u>"). Pursuant to sections 105(a) and 366 of the Bankruptcy Code, all Utility Companies shall be barred from altering, refusing, discontinuing service to, or discriminating against, the Debtor until the Court issues a final order authorizing such action after a Determination Hearing.

<u>Return of Deposit</u>

14. Any Deposit or assurance of payment provided by the Debtor to a Utility Company will, to the extent not used by the Utility Company to satisfy a postpetition default, be returned to the Debtor or its successor within thirty (30) days after the first to occur of (i) the effective date of a plan in this case, (ii) entry of an order converting this case to a case under chapter 7 of the Bankruptcy Code, or (iii) entry of an order dismissing this chapter 11 case.

15. Other than as set forth herein, the Debtor submits that no additional adequate assurances of payment for postpetition utility services are warranted.

## Basis For Relief

### A. The Procedures Proposed Herein Properly Balance the Interests of the Utility Companies and Those of the Debtor and Its Estate

16. Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

17. Section 366(b) and (c) of the Bankruptcy Code provides a two-prong approach to the rights of, and limitations upon, a utility. First, the utility may alter, refuse, or discontinue service if the debtor in possession does not furnish adequate assurance of payment, in the form of a deposit or other security, for postpetition service within twenty (20) days after the petition is filed. 11 U.S.C. § 366(b). Second, with respect to a case filed under chapter 11, a utility may alter, refuse, or discontinue utility service if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive adequate assurance of payment that is "satisfactory to the utility." 11 U.S.C. § 366(c)(2).

18. The policy underlying section 366 of the Bankruptcy Code is to protect a debtor from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Begley v. Philadelphia Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985) (the purpose of section 366 is "to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.").

19. Section 366(c) of the Bankruptcy Code was enacted as part of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BACPA"), effective as of October 17, 2005. Section 366(c) provides clarity as to what constitutes assurance of payment and what factors must be excluded from a court's determination as to the adequacy of the assurance of payment.

20. The Debtor submits that the procedures proposed herein properly balance the interests of the debtor and the utility companies because they comport with section 366(b) and (c) of the Bankruptcy Code.

**B. The Deposits Provided to the Utility Companies Will Provide Adequate Assurance of Payment to the Utility Companies Under Section 366(b) of the Bankruptcy Code**

21. The Deposits provided by the Debtor to the Utility Companies will bring them security that they will be paid for continuing to deliver services to the Debtor. The Debtor submits that the deposits are adequate in form and amount to give the Utility Companies adequate assurance of payment under the circumstances.

22. Courts have long recognized that adequate assurance of performance does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Anchor Glass Container Corp.*, 342 B.R. 872 (Bankr. M.D.Fla. 2005) ("Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment"); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D.Pa. 1987) (section 366(b) of the Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

23. Moreover, courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a Bankruptcy Court must 'focus upon the need of the utility for assurance, and...require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *In re Caldor, Inc.*, 117

-7-

6343025.5 23608/135258

10-49380-tjt   Doc 7   Filed 03/23/10   Entered 03/23/10 19:10:15   Page 7 of 17

F.3d 646, 650 (2d Cir. 1997) (emphasis in original) (quoting *In re Penn Jersey Corp.*, 72 B.R. at 985).

### C. The Additional Assurance Request Procedures Will Honor the Utility Companies' Rights To Obtain "Satisfactory" Adequate Assurance Under Section 366(c)

24. The Debtor seeks an orderly process to determine the amount of assurance of payment that is adequate, while preventing the effects of a termination without warning. Because Congress did not change the fundamental nature of section 366 in BACPA – that the bankruptcy court has discretion to modify any request for assurance of payment and that the assurance of payment need only be adequate – the additional assurance request procedures (as described herein) do not conflict with the changes to section 366 imposed by the recent amendments to the Bankruptcy Code and should be approved.

25. Without the procedures proposed in the Order, the Debtor could be forced to address numerous requests by Utility Companies in a disorganized manner at a critical period in its reorganization efforts and during a time when its efforts could be more productively focused for the benefit of its creditors. Accordingly, implementation of these procedures is in the best interests of the debtor and its estate.

26. The Debtor submits that the process proposed herein is appropriate under the circumstances and should be approved. The Debtor intends to comply with its postpetition payment obligations to the Utility Companies and, subject to the entry of an order approving the Debtor's cash collateral motion filed concurrently herewith, has sufficient operating cash to do so. Moreover, the Utility Companies will also have adequate time to consider and respond to the Debtor's proposed resolution of the rights of the Utility Companies under section 366 of the Bankruptcy Code. Therefore, the Debtor respectfully submits that the relief requested in the Motion should be approved.

-8-
6343025.5 23608/135258

10-49380-tjt    Doc 7    Filed 03/23/10    Entered 03/23/10 19:10:15    Page 8 of 17

### Notice

27.     Notice of this Motion will be or has been given by overnight courier or overnight mail to: (i) the United States Trustee for the Eastern District of Michigan; (ii) secured creditors; (iii) counsel to Bridge Healthcare Finance, LLC; (iv) the Utility Companies; and (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors.  Under the circumstances, the Debtor submits that no additional or further notice be required.

28.     No previous request for the relief sought herein has been made to this Court or any other court.

### Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.


Dated: Birmingham, Michigan       CLARK HILL PLC
       March 23, 2010

                                  /s/     *Robert D. Gordon*
                                  By: Robert D. Gordon (P48627)
                                      Joel D. Applebaum (P36774)
                                      John R. Stevenson (P70241)
                                      Evan J. Feldman (P73437)
                                      151 South Old Woodward Ave., Suite 200
                                      Birmingham, MI 48009
                                      (248) 988-5882 (Telephone)
                                      rgordon@clarkhill.com
                                      japplebaum@clarkhill.com
                                      jstevenson@clarkhill.com
                                      efeldman@clarkhill.com

                                  *Proposed Counsel for the Debtor and Debtor in Possession*

6343025.5 23608/135258

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| INNATECH, LLC, | Case No. 10-_____ |
| Debtor. | Hon. _____ |
| Tax I.D. No. 38-3531005 |  |

**ORDER PURSUANT TO SECTIONS 105(a) AND 366 OF
THE BANKRUPTCY CODE (A) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES;
(B) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT FOR
POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCES**

Upon consideration of the Debtor's first day motion (the "Motion")[1] for entry of an order (the "Order") pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) prohibiting the utility companies from altering, refusing, or discontinuing services, (ii) deeming utilities adequately assured of payment for postpetition services, and (iii) establishing procedures for determining requests for additional assurances and authorizing the Debtor to supplement the list of utility companies not listed on Exhibit B to the Motion but subsequently identified by the Debtor, all as more fully described in the Motion; and upon consideration of the Nicholls Declaration; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties-in-interest; and the Court having determined after due deliberation that the legal and factual bases set forth in the Motion and attested to in the Nicholls Declaration establish just cause for the relief granted herein, it is therefore,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as provided herein.

2. Subject to the procedures described below, no service provider identified on Exhibit B to the Motion (each a "Utility Company," and collectively, the "Utility Companies") may alter, refuse, terminate, or discontinue services to, and/or discriminate against, the Debtor on the basis of commencement of this bankruptcy case or on account of unpaid invoices for service provided by any of the Utility Companies to the Debtor prior to the Petition Date.

3. Notwithstanding the terms of ¶ 2 above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Company is adequate. Other than as set forth herein, each Utility Company is prohibited from discontinuing, altering, refusing service to, or discriminating against the Debtor until this Court issues a final order authorizing such action after a Determination Hearing (defined below).

4. Other than pursuant to the procedures set forth herein, the Utility Companies are prohibited from requiring additional adequate assurance of payment from the Debtor whether in connection with any unpaid prepetition charges or otherwise.

5. Within **ten (10) days** after the entry of this Order, the Debtor shall serve a copy of this Order on each of the Utility Companies and provide a deposit in an amount equal to the average cost to the Debtor of one half of a month of service from such Utility Company, calculated over the 12 months preceding the Petition Date (or the duration of the period in which

the Debtor utilized the services of such Utility Company in the ordinary course of business if less than 12 months) (each a "Deposit") to each of the Utility Companies.

6. If a Utility Company does not believe that it has received satisfactory adequate assurance of payment pursuant to the procedures set forth herein, it may file a request for a determination that a different form and/or amount of adequate assurance is required (an "Additional Assurance Request"). An Additional Assurance Request may be filed with this Court at any time and must (i) be in writing, (ii) set forth the scope of utility services provided by the Debtor, (iii) include a summary of any security deposits or other prepayments or assurances previously provided by or on behalf of the Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth in the Order does not constitute satisfactory adequate assurance of payment, (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable, and (vi) be served upon Innatech, LLC, 750 Letica Drive, Rochester, Michigan 48307, Attn: Philip Nicholls, with a copy to Clark Hill PLC, 151 South Old Woodward Ave., Suite 200, Birmingham, Michigan 48009, Attn: Robert D. Gordon, Esq.

7. If a Utility Company files an Additional Assurance Request and the Debtor believes that the treatment requested therein is reasonable, or if the Debtor otherwise reaches agreement with such Utility Company on an acceptable form and amount of adequate assurance, the Debtor shall be entitled, with the consent of Bridge Healthcare Finance, LLC, and any committee appointed in this bankruptcy case or upon further order of the Court, to comply with such request or otherwise provide additional assurance (to the extent consistent with any interim or final order approving the Debtor's use of cash collateral).

8. Where a Utility Company files and properly serves an Additional Assurance Request but is unable to reach a compromise with the Debtor within ten (10) business days,

either party may request a hearing on, to the extent the Court can accommodate it, an expedited basis but no sooner than fifteen (15) days after the filing and service of the Additional Assurance Request (or, if service is by mail, at least eighteen (18) days after filing and service of the Additional Assurance Request) to determine whether additional assurance is necessary (a "Determination Hearing").

9. Pursuant to sections 105(a) and 366 of the Bankruptcy Code, all Utility Companies shall be barred from altering, refusing, discontinuing service to, or discriminating against, the Debtor until the Court issues an order authorizing such action after a Determination Hearing.

10. Any Deposit or assurance of payment provided by the Debtor to a Utility Company will, to the extent not used by the Utility Company to satisfy a postpetition default, be returned to the Debtor or its successor within thirty (30) days after the first to occur of (i) the effective date of a plan in this case, (ii) entry of an order converting this case to a case under chapter 7 of the Bankruptcy Code, or (iii) entry of an order dismissing this chapter 11 case.

11. Notwithstanding the possible applicability of Bankruptcy Rules 7062 or 9014 or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding anything contained herein to the contrary, nothing in this Order shall be construed to limit any parties' recovery or set off rights under section 366(c)(4) of the Bankruptcy Code.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT B

## UTILITY SERVICE LIST

| PLANT | UTILITY COMPANY | SERVICE(S) | ACCOUNT # (LAST 4) | AVG. MONTHLY OBLIGATION |
|---|---|---|---|---|
| ROCHESTER | DTE ENERGY<br>P.O. BOX 740786<br>CINCINNATI, OH 45274-0786 | ELECTRIC | 001-6 | $7,500.00 |
| ROCHESTER | CONSUMERS ENERGY<br>P.O. BOX 30090<br>LANSING, MI 48909 | GAS | 4645 | $5,500.00 |
| ROCHESTER | AT&T MOBILITY<br>P.O. BOX 6463<br>CAROL STREAM, IL 60197 | PHONE | 8043 | $80.00 |
| ROCHESTER | AT&T<br>P.O. BOX 8100<br>AURORA, IL 60507 | PHONE | 450-7 | $650.00 |
| ROCHESTER | VERIZON WIRELESS, INC<br>P.O. BOX 15062<br>ALBANY, NY 12212-5062 | PHONE | 0001 | $85.00 |
| ROCHESTER | WASTE MANAGEMENT-DETROIT<br>P.O. BOX 9001054<br>LOUISVILLE, KY 40290-1054 | RUBBISH | 714-4 | $165.00 |
| ROCHESTER | CITY OF ROCHESTER TREASURER<br>400 SIXTH STREET<br>ROCHESTER, MI 48307 | WATER | 00-00 | $160.00 |
| RICHMOND | RICHMOND POWER & LIGHT<br>P.O. BOX 908 | ELECTRIC | 5310 | PRORATED AND CHARGED |

6343688.2 23608/135258

| | | | | SEPARATELY BY LANDLORD |
|---|---|---|---|---|
| RICHMOND | 44 S. 8TH STREET RICHMOND, IN 47375 | | | |
| | VERIZON NORTH P.O. BOX 9688 MISSION HILLS, CA 91346 | PHONE | 4432 | $100.00 |
| LEBANON | CITY OF LEBANON, OHIO 50 SOUTH BROADWAY LEBANON, OH 45036 | ELECTRIC/WATER | 00-02 | $22,600.00 |
| LEBANON | DUKE ENERGY P.O. BOX 9001076 LOUISVILLE, KY 40290 | GAS | 5-22-4 | $4,200.00 |
| LEBANON | CINCINNATI BELL P.O. BOX 748003 CINCINNATI, OH 45274 | PHONE | 5130/5643 | $410.00 |
| LEBANON | RUMPKE P.O. BOX 538708 CINCINNATI, OH 45253 | RUBBISH | 717-7 | $500.00 |
| LEBANON | QUENCH P.O. BOX 13604 PHILADELPHIA, PA 19101 | WATER | 9216 | $400.00 |
| ALL PLANTS | BULLSEYE TELECOM P.O. BOX 33025 DETROIT, MI 48232 | PHONE | 009U | $415.00 |
| ALL PLANTS | QWEST P.O. BOX 52187 PHOENIX, AZ 85072 | PHONE | 7617/0185 | $6,000.00 |
| TOTAL | | | | $48,765.00 |

6343688.2 23608/135258

10-49380-tjt    Doc 7    Filed 03/23/10    Entered 03/23/10 19:10:15    Page 17 of 17