UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INNATECH, LLC, | Case No. 10-49380 |
| Debtor. | Hon. Thomas J. Tucker |
| Tax I.D. No. 38-3531005 | |

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER
PURSUANT TO SECTIONS 327(a) AND 1107 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 AUTHORIZING THE RETENTION
AND EMPLOYMENT OF AMHERST CAPITAL PARTNERS, LLC AS
FINANCIAL ADVISORS TO THE DEBTOR AND DEBTOR IN
POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Innatech, LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "Innatech"), hereby applies (the "Application") for entry of an order (the "Order"), under sections 327(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), authorizing the retention and employment of Amherst Capital Partners, LLC ("Amherst"), as financial advisors and consultants to the Debtor on the terms described herein, effective as of the Petition Date (as defined herein). In support of this Application, the Debtor relies upon and incorporates by reference the concurrently filed *Declaration of Sheldon Stone in Connection with Application of the Debtor for Order Authorizing Employment and Retention of Amherst Capital Partners, LLC as Financial Advisors*

6347493.3 23608/135258

10-49380-tjt    Doc 47    Filed 03/31/10    Entered 03/31/10 15:34:20    Page 1 of 12

*to the Debtor and Debtor In Possession* (the "Stone Declaration"). In further support of this Application, the Debtor respectfully represents as follows:

## Status Of The Case And Jurisdiction

1. On March 23, 2010, (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor has continued in possession of its properties and has continued to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in this case.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(a) and 1107(a) of the Bankruptcy Code.

## The Debtor And Its Retention Of Amherst Capital Partners, LLC

5. The Debtor is a leading manufacturer and designer of highly-engineered injection molded components and assemblies for sale to Tier I and II automotive suppliers and other customers outside of the automotive industry.

6. Pursuant to an engagement letter entered into by and between Innatech and Amherst dated March 18, 2010 (the "Engagement Letter"), a copy of which is attached to the Stone Declaration as Exhibit A, the Debtor seeks to retain Amherst to serve as its financial advisor in connection with this case.

7. Prior to the Petition Date, the Debtor and Amherst have worked closely with respect to the Debtor's financial issues and the possibility of pursuing relief under chapter 11 of the Bankruptcy Code. In doing so, Amherst has become familiar with the Debtor's business affairs and developed a great deal of institutional knowledge regarding the Debtor's operations, finances, and systems. Amherst has assisted the Debtor in the financial aspects of its restructuring efforts and has been instrumental in the Debtor's preparation of this bankruptcy case.

8. On March 5, 2010, Amherst received a retainer in the amount of $5,000.00 from Invoak, LLC, the managing member of Innatech, (the "<u>Managing Member</u>"). On March 17, 2010, Amherst applied said retainer to its outstanding invoice for prepetition services rendered. On March 18, 2010, pursuant to the Engagement Letter, Amherst also received a retainer in the amount of $50,000.00 (the "<u>Retainer</u>") from the Managing Member for postpetition services to be rendered. On March 22, 2010, Amherst issued an invoice to the Debtor in the amount of $16,105.88 for prepetition services rendered from March 18, 2010 to the Petition Date. This amount was paid via wire transfer on March 22, 2010. Pursuant to the Engagement Letter, Amherst will hold the $50,000.00 Retainer and apply it to its unpaid fees and expenses that are allowed pursuant to Amherst's final fee application in the case in the event that the bankruptcy estate or reorganized Debtor are unable to pay said fees and expenses immediately upon allowance.[1]

## Relief Requested

9. By this Application, the Debtor seeks entry of an order substantially in the form attached hereto as <u>Exhibit A</u> authorizing the employment and retention of Amherst effective as

---

[1] Amherst also reserves the right to apply the Retainer to any amounts of compensation received by Amherst prepetition that may become subject to disgorgement.

3

6347493.3 23608/135258

of the Petition Date, in accordance with the Engagement Letter and this Application, as the Debtor's financial advisors and consultants in this chapter 11 case.

## Basis For Relief

### A. The Debtor Should Be Granted Authority to Employ Amherst As Its Financial Advisors and Consultants

10. Section 327(a) of the Bankruptcy Code enables debtors in possession, under certain conditions, to employ professionals to represent them for specified purposes. Specifically, section 327(a) states as follows:

> Except as otherwise provided in this section, the trustee with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent and assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

11. The Debtor originally selected Amherst as its financial advisors and consultants because of Amherst's professional standing, experience, and reputation. Indeed, these considerations were a critical element in the Debtor's decision to retain Amherst as its financial advisors and consultants. Among other things, the Debtor understands that Amherst has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

12. The Debtor seeks to employ Amherst because of the extensive financial and consulting services that will be required in connection with this case and Amherst's familiarity with the Debtor's business. Further, the Debtor believes that Amherst is well qualified and able

4
6347493.3 23608/135258

10-49380-tjt    Doc 47    Filed 03/31/10    Entered 03/31/10 15:34:20    Page 4 of 12

to represent the Debtor in an efficient, cost-effective, and timely manner. Amherst may be required to render various services to the Debtor including, among others, the following:

a) Assistance in the review and preparation of schedules of assets, liabilities, statements of financial affairs and monthly operating reports;

b) Review of the Debtor's financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

c) Review and analysis of the reporting regarding cash collateral and any debtor in possession financing arrangements and budgets;

d) Evaluation of potential employee retention and severance plans;

e) Assistance with identifying and implementing asset redeployment opportunities;

f) Analysis of assumption and rejection issues regarding executory contracts and leases;

g) Review and analysis of the Debtor's proposed business plans and the business and financial condition of the Debtor generally;

h) Assistance in evaluating reorganization strategies and alternatives available to the Debtor;

i) Preparation of enterprise, asset and liquidation valuations;

j) Preparation of the Debtor's financial projections and assumptions;

k) Assistance in preparing documents necessary for any plan confirmation;

l) Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

m) Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters;

n) Attend meetings and court hearings as may be required in their roles as financial advisors to the Debtor; and

o) Assistance with such other financial advisory services as may requested by the Debtor or its counsel.

5
6347493.3 23608/135258

10-49380-tjt    Doc 47    Filed 03/31/10    Entered 03/31/10 15:34:20    Page 5 of 12

13. It is necessary and essential that the Debtor, as debtor in possession, employ financial advisors and consultants to render the foregoing professional services, and the Debtor believes that Amherst is well qualified to provide these services. Therefore, the Debtor has requested that Amherst perform the services set forth herein, and, subject to this Court's approval of this Application, Amherst has indicated that it is willing to perform such services.

### B. Amherst Is Disinterested

14. The Debtor is informed and believes that except as otherwise set forth in the Stone Declaration:

   a) Neither Amherst nor its professionals holds or represents an interest adverse to the Debtor's estates.

   b) Neither Amherst nor its professionals is or was a creditor or an insider of the Debtor, except that Amherst previously has rendered financial advisory services to the Debtor for which it has been compensated as disclosed above.

   c) Neither Amherst nor its professionals is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

   d) Amherst does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

15. In view of the foregoing, the Debtor believes that Amherst is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

16. The Debtor is also informed that, except as otherwise set forth in the Stone Declaration, Amherst does not have any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of Michigan or any person employed in the offices of the same.

17. The Debtor is informed that Amherst will continue to conduct an ongoing review as needed of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Amherst will promptly submit supplemental declarations as necessary.

18. Based on the foregoing, the Debtor believes that Amherst is disinterested and should be permitted to represent the Debtor in this bankruptcy case.

### C. Both the Debtor and the Managing Member Are Fully Advised of the Compensation Terms of the Engagement and Believe Them To Be Fair and Reasonable

19. Amherst's requested compensation for professional services rendered to the Debtor will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Debtor has agreed to compensate Amherst for professional services rendered at its normal and customary hourly rates.

20. In the normal course of business, Amherst revises its hourly rates on January 1st of each year. Amherst requests that the rates listed below be revised to the hourly rates that are in effect at the time services are rendered. The current normal and customary hourly rates for financial advisory and consulting services to be rendered by Amherst and applicable herein are as follows:

| Level | Rates |
| --- | --- |
| **Managing Partner, Partner** | $375.00 |
| **Managing Director** | $340.00 |
| **Director** | $325.00 |
| **Senior Associate** | $275.00 |
| **Accounting** | $150.00 |
| **Paraprofessionals** | $100.00 |

7

21. Amherst will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

22. Both the Debtor and the Managing Member, the third-party payor of the Retainer, are fully advised of the compensation terms described herein and contained in the Engagement Letter and believe them to be fair and reasonable. Through the Engagement Letter, and this Application, the Debtor grants its informed consent to the compensation arrangement set forth in the Engagement Letter.

23. Amherst has informed the Debtor and the Managing Member that during the course of this case it intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, the United States Trustee Fee Guidelines, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred, and Amherst will accept as compensation such sums as may be allowed by the Court.

24. Other than as set forth herein and in the Stone Declaration, no arrangement is proposed between the Debtor, the Managing Member, and Amherst for compensation to be paid in this case.

25. The Debtor submits that the engagement and retention of Amherst on the terms and conditions set forth herein and in the Engagement Letter are necessary and in the best interests of the Debtor, its estate and its creditors and should be approved.

8

6347493.3 23608/135258

10-49380-tjt    Doc 47    Filed 03/31/10    Entered 03/31/10 15:34:20    Page 8 of 12

26. No previous request for the relief sought herein has been made to this Court or any other court.

### Notice

27. Notice of this Application will be or has been given by email or overnight mail to the United States Trustee for the Eastern District of Michigan. Under the circumstances, the Debtor submits that no additional or further notice be required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in the form attached hereto as Exhibit A, authorizing the employment of Amherst as financial advisors for the Debtor in this case.

INNATECH, LLC, a Michigan limited liability company

By: INVOAK, LLC, a Michigan limited liability company and its Managing Member

Date: 3/29/10

By: *(signature)*
Willard B. McCardell, Jr.
Its: Manager

6347493.3 23608/135258

9

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>INNATECH, LLC<br><br>    Debtor.<br><br>Tax I.D. No. 38-3531005 | Chapter 11<br><br>Case No. 10-49380<br><br>Hon. Thomas J. Tucker |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AMHERST CAPITAL PARTNERS, LLC AS FINANCIAL ADVISORS TO THE DEBTOR AND DEBTOR IN POSSESSION

Upon the application (the "Application")[1] of Innatech, LLC, as the debtor and debtor in possession (the "Debtor"), for entry of an order under sections 327(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, authorizing the employment and retention of Amherst Capital Partners, LLC ("Amherst"), effective as of the Petition Date, as the Debtor's financial advisors and consultants; and the Court having reviewed and considered the Application and the Stone Declaration; and the Court being otherwise duly advised in the premises and finding good and sufficient cause for entry of this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Application is GRANTED.

2. Pursuant to sections 327(a) and 1107(a) of the Bankruptcy Code, the Debtor, as a debtor and debtor in possession, is authorized to employ and retain Amherst as its financial

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

6349250.1 23608/135258

advisors and consultants, effective as of the Petition Date, in accordance with the Application, the Engagement Letter, and this Order.

3. Amherst shall be compensated for services rendered to the Debtor in this case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Fee Guidelines, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. The foregoing is without prejudice to the Managing Member seeking reimbursement of fees and expenses paid as an administrative expense of the Debtor's bankruptcy case at a later time.

4. This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Application, the Engagement Letter, and this Order.