UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

INNATECH, LLC,

    Debtor.

Chapter 11
Case No.: 10-49380

Hon. Thomas J. Tucker

_____/

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF JAFFE RAITT HEUER & WEISS, P. C. AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
INNATECH, LLC, ET AL. NUNC PRO TUNC TO APRIL 5, 2010**

The Official Committee of Unsecured Creditors of Innatech, LLC (the "Committee"), seeks this Court's approval of its selection of Jaffe Raitt Heuer & Weiss, P. C. ("Jaffe"), as counsel to the Committee, *nunc pro tunc* to April 5, 2010, and states:

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this Chapter 11 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Sections 105(a), 328, and 1103 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

4. On March 23, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

5. The Debtor continues to operate and manage its business as a Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this case.

7. The Committee was appointed on March 31, 2010.

8. The Committee seeks to employ Jaffe, 27777 Franklin Road, Suite 2500, Southfield, MI 48034-8214, telephone: (248) 351-3000; facsimile: (248) 351-3082, as counsel, to perform legal services on its behalf, effective April 5, 2010.

9. The Committee has selected Jaffe as counsel because of the firm's extensive general experience and knowledge and, in particular, its recognized expertise in the field of debtor's and creditors' rights, business reorganizations under Chapter 11 of the Bankruptcy Code, and unsecured creditors committees' rights and duties. The Committee believes Jaffe is well-qualified and uniquely able to act as its counsel in this Chapter 11 case in a most efficient and timely manner.

10. The services of Jaffe are necessary to enable the Committee to execute its duties. Subject to this Court's approval, the Committee will employ Jaffe as counsel to assist the Committee in fulfilling the functions described in Section 1103(c) of the Bankruptcy Code and such other functions as may be required or permitted of the Committee pursuant to the Bankruptcy Code.

11. As more particularly set forth in the Declaration of Disinterestedness and Disclosure Statement of Jaffe attached hereto as Exhibit B, as required by 11 U.S.C. §328(a) and Fed. R. Bankr. P. 2014(a), Jaffe does not hold or represent an interest adverse to the estate in the matters upon which Jaffe is to be employed, as counsel to the Committee.

12. Jaffe has indicated its willingness to perform legal services on the Committee's behalf and to be compensated at their standard hourly rates in effect for the period in which the services are to be rendered and to be reimbursed for their reasonable and necessary out-of-pocket expenses. Jaffe's current hourly rates are as follows:

| | |
|---|---|
| Partners | $225 - $550 |
| Associates | $175 - $250 |
| Paralegals | $125 - $180 |

2

13.     Jaffe intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local rules and orders of this Court.

WHEREFORE, the Committee requests this Court enter an Order attached as Exhibit A authorizing it to retain Jaffe as its counsel, and for such other relief as is appropriate and just.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF INNATECH, LLC**

RHETECH, INC.

Dated: April __, 2010        By: /s/ John Levinson
                                 John Levinson, Committee Chairperson

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

INNATECH, LLC,

Debtor.

Chapter 11
Case No.: 10-49380
Hon. Thomas J. Tucker

_____/

ORDER AUTHORIZING EMPLOYMENT OF
JAFFE RAITT HEUER & WEISS, P.C. AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
NUNC PRO TUNC TO APRIL 5, 2010

Upon the Application ("Application") of the Official Committee of Unsecured Creditors ("Committee") of Innatech, LLC ("Debtor") for entry of an Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe") as Counsel for the Committee *Nunc Pro Tunc* to April 5, 2010, and the Declaration of Jaffe, the U.S. Trustee having approved the Application, and the Court being fully advised in the premises;

IT IS ORDERED that:

A. The Committee is authorized to employ Jaffe as its counsel in this case, *Nunc Pro Tunc* to April 5, 2010, for the purposes set forth in the Application; and

B. Jaffe shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local rules and orders of this Court, and shall receive interim, monthly compensation per the terms of any orders entered by this Court.

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

INNATECH, LLC,

      Debtor.

_____/

Chapter 11
Case No.: 10-49380
Hon. Thomas J. Tucker

## DECLARATION OF DISINTERESTEDNESS AND DISCLOSURE STATEMENT OF JAFFE, RAITT, HEUER & WEISS, P.C., PURSUANT TO 11 U.S.C. SECTIONS 327, 328(a), 329 AND 504, FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AND LOCAL BANKRUPTCY RULE 2014

1. Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe") is seeking to represent the Official Committee of Unsecured Creditors of Innatech, LLC (the "Committee") as its counsel in the above-referenced bankruptcy case. Jaffe does not represent any entity other than the Committee in connection with Debtor's case. In addition, subject to the procedures described below, Jaffe does not represent any party in interest in this case in connection with matters related to the Debtor's case.

2. Jaffe may have in the past represented and, may in the future, represent entities that are claimants or interest holders of the Debtor in matters unrelated to Debtor's pending case. Jaffe, which employs approximately 100 attorneys, has a large and diversified legal practice that encompasses the representations of many institutions and commercial entities, some of which are or may consider themselves to be creditors, parties-in-interest in the Debtor's pending case, or otherwise to have interests in this case.

3. As is customary in retentions of this type, Jaffe has conducted a conflict check consisting of checking for conflicts with the Debtor's list of twenty largest unsecured creditors, Debtor's counsel, the financial advisors to the Debtor, equity security holders, the principals of

the Debtor and secured creditors, to the extent that such information has been supplied. A list of the parties checked is attached at Exhibit A.

4. Jaffe believes that it has no connection to the parties in interest, except as follows:

A. Christopher Andreoff, an attorney with Jaffe, has a brother-in-law that is an attorney with Clark Hill PLLC. Mr. Andreoff does not generally practice in the area of bankruptcy and thus will not be working on this case.

B. Jaffe has represented Advanced Composites in the past, in matters unrelated to this bankruptcy case, but is not currently representing Advanced Composites in any open matters and will not represent Advanced Composites in any matter related to this case.

C. Jaffe has represented Rhetech, Inc. in the past, in matters unrelated to this bankruptcy case, but is not currently representing Rhetech, Inc. in any open matters and will not represent Rhetech, Inc. in any matter related to this case.

5. Jaffe has no connection (as such term is utilized in § 101(14)(E) of the Bankruptcy Code, as modified by § 1107(b) and Bankruptcy Rule 2014(a)), with (a) the United States Trustee or any person employed by the Office of the United States Trustee for the Eastern District of Michigan; (b) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case, except as set forth in this affidavit. As part of its practice, Jaffe appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties-in-interest in this case. Jaffe has not and will not represent any of such entities in relation to the Debtor or this case.

10-49380-tjt    Doc 75    Filed 04/12/10    Entered 04/12/10 17:23:29    Page 8 of 10
1880190

6. Neither Jaffe nor any of its employees (i) is a creditor, an equity security holder or an insider of Debtor; (ii) is or has been an investment banker for any outstanding security of Debtor; (iii) has not been within three years before the date of the filing of the petition, an investment banker for a security of Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of Debtor, (iv) is or has been, within two years before the date of the filing of a petition, a director, officer or employee of Debtor, or of an investment banker specified in this paragraph; or (v) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker.

7. Jaffe's current standard hourly rates are as follows:

|  | Current |
|---|---|
| Partners: | $225 - $550 |
| Associates: | $175 - $250 |
| Paralegals: | $125 - $180 |

Jaffe has not entered into an agreement or understanding with any person or firm for the sharing of any compensation paid or to be paid for services rendered or to be rendered herein.

8. Based on the foregoing, Jaffe does not hold or represent an interest adverse to the Debtor's estate in the matters upon which Jaffe is to be employed, as counsel to the Committee.

JAFFE RAITT HEUER & WEISS, P.C.

Dated: April __, 2009

By: /s/ Judith Greenstone Miller
Judith Greenstone Miller (P29208)
Proposed Counsel to the Official Committee of
Unsecured Creditors
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
jmiller@jaffelaw.com

# EXHIBIT A

## CONFLICT CHECKLIST

Clark Hill - Debtor's counsel
Joel D. Applebaum, Esq. - Debtor's counsel
Robert D. Gordon, Esq. - Debtor's counsel
Stephen E. Spence, Esq. - U.S. Trustee's office
Amherst Capital Partners, LLC - Financial advisors to the Debtor
Philip Nicholls - CFO of Innatech, LLC
Innatech, LLC (limited liability company/chapter 11 debtor)
Bridge Healthcare Finance, LLC (limited liability company/secured lender)
Willard McCardell, Jr. (individual/principal of debtor/guarantor)
Invoak, LLC (limited liability company/managing member of debtor)
Alan Elder (individual/trustee of member of debtor)
Mark Elder (individual/trustee of member of debtor)
Paul Elder (individual/trustee of member of debtor)


<u>20 largest unsecured creditors:</u>
Ed K Asplundh
Theodore W Brickman Jr.
Abbott Nutrition - COMMITTEE MEMBER
Erler Industries
Dawda Mann Mulcahy & Sadler
Infor Global Solutions
Hexin Electric Appliance Co. Ltd.- COMMITTEE MEMBER
Polyone Distribution
IACNA
Blue Cross Blue Shield of Michigan
David G Moore C.P.A. - COMMITTEE MEMBER
Advanced Composites
A Schulman Inc.
City of Lebanon Ohio
Unique Fabricating Inc.
Product Action International
Frank Rewold and Son Inc. - COMMITTEE MEMBER
TPS Logistics Inc.
Miami Valley Packaging Solutions - COMMITTEE MEMBER
Rhetech - COMMITTEE MEMBER